Waite, C. J.
This statute seems to us conclusive of the present motion. In allowing legal and equitable remedies to be sought in the same action before the Territorial Courts, Congress saw fit to establish an inflexible rule by which it could be determined whether a case should be brought here from those Courts for review by writ of error or appeal, and provided that cases tried by a jury should come on writ of error, and all others by appeal. This makes the form of proceeding depend on the single fact of whether there has been, or not, a trial by jury. (Stringfellow v. Cain, 99 U. S., p. 612.) We are not to consider the testimony in any case.
Upon a writ of error we are confined to the bill of exceptions, or questions of law otherwise presented by the record; and upon an appeal, to the statement of facts and rulings certified by the Court below. The facts set forth in the statement, which must come up with the appeal, are conclusive on us. Under these circumstances, the form of proceeding to get a review is not of so much importance as certainty about what is to be done.
We cannot agree with counsel for plaintiff in error, that the act of Congress was intended to apply only to those Territories where the distinction between suits at law and suits in equity had actually been abolished. From the preamble it may fairly be inferred that the object of the legislation was to prevent embarrassments growing out of the mingling of jurisdictions, but the statute, as it stands, clearly applies to all Territorial Courts.
The motion to dismiss is granted.
In addition to the dismissal of the case on the motion, the Court affirmed the judgment of the Court below.